# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WARREN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., et al.<br><br>　　　　　　　　Defendants. | Case No.: 3:16-cv-2872-CAB-(NLS)<br><br>**ORDER ON EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER & REQUEST FOR PRELIMINARY INJUNCTION**<br>**[Doc. No. 10]** |

On January 27, 2017, Plaintiff filed an *Ex Parte* Application for a Temporary Restraining Order and Preliminary Injunction and Attorney Fees. [Doc. No. 10.] That same day, Judge Sammartino issued a briefing scheduling on the application. [Doc. No. 11.] Consistent with the schedule, Defendants Wells Fargo Bank, N.A. and Wells Fargo Co. (collectively "Wells Fargo" or Defendants) filed their Response in Opposition on February 3, 2017, [Doc. No 13], and on February 10, 2017, Plaintiff filed his Reply [Doc. No. 16]. A hearing on Plaintiff's Temporary Restraining Order ("TRO") Application was scheduled for February 16, 2017 before Judge Sammartino. [Doc. No. 17.] Following a last minute recusal the TRO hearing was held before the undersigned. [Doc. No. 18.]

At the February 16, 2017 hearing the parties discussed whether a TRO or Preliminary Injunction should issue. Wells Fargo argued in favor of a TRO, requested the opportunity to brief the Preliminary Injunction and asked the Court to set an Order to Show Cause on the Preliminary Injunction. Plaintiff's position was that Defendants were seeking

1

a second bite of the apple, that they had ample time to prepare their evidence and failed to do so.  The undersigned agreed to review the procedural background of the case to see if Defendants were on notice that the hearing was to be an actual preliminary injunction hearing instead of a TRO hearing and if an OSC for Preliminary Injunction needed to be set.  Wells Fargo agreed to Plaintiff's requested TRO and was enjoined from selling Plaintiff's residence for 120 days.

After review of the record, the Court finds that an OSC on the Preliminary Injunction would be appropriate.  Due to the pending public auction of the property Defendants were only given seven days to brief both the TRO and Preliminary Injunction.  While their Response in Opposition to Plaintiff's motion focused on making legal arguments in support of their position that Plaintiff failed to satisfy the requirements for injunctive relief, Defendants' opposition presented little if any evidence to dispute the facts   However, Defendants specifically requested "sufficient time to brief the issues for the OSC [roughly three weeks] in order to prepare an opposition that will allow it to present a full evidentiary record showing that Wells Fargo has properly serviced the loan and that Plaintiff is in fact in default." [Doc. No. 13:8-12.]  Judge Sammartino did not address Defendants request.  Furthermore, the Order setting the hearing references Plaintiff's "*Ex Parte* Motion for Temporary Restraining Order" and set a "hearing on Plaintiff's TRO Application" can be read to support Defendants contention that they were under the impression that they would get additional time to brief the Preliminary Injunction issue.  [Doc. No. 17 1:27-2:1.]

Accordingly, the Court hereby **ORDERS** that a hearing on the Request for Preliminary Injunction will be held on **June 8, 2017**, at **10:00 a.m.** in **Courtroom 4C**. Defendants shall have up to and including **May 18, 2017** to file their response in opposition

//
//
//
//

| | |
|---|---|
| 1 | to Plaintiff's request for preliminary injunction. Plaintiff shall have up to and including |
| 2 | **June 1, 2017** to file his reply. |
| 3 | It is **SO ORDERED**. |
| 4 | Dated: May 2, 2017 |

_____
Hon. Cathy Ann Bencivengo
United States District Judge