UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARK WARREN,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., et al.<br><br>Defendants. | Case No.: 3:16-cv-2872-CAB-(NLS)<br><br>**ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION FOR RELIEF FROM DEFAULT**<br>**[Doc. Nos. 41, 43]** |
|---|---|

This matter comes before the Court on Defendant Clear Recon Corp's ("CRC") Motion for Relief from Default [Doc. No. 43] and Plaintiff's Motion for Default Judgment against CRC [Doc. No. 41]. The motions have been fully briefed, and the Court finds them suitable for submission without oral argument. For the following reasons CRC's motion is granted, the entry of default is vacated, and Plaintiff's motion for default judgment is deemed moot.

**I.  Background**

On October 27, 2016, Plaintiff Mark Warren filed suit in the Superior Court of the State of California against Defendants Wells Fargo Bank, N.A., and Wells Fargo & Company (collectively "Wells Fargo"). [Doc No. 1-2.[1]] On November 22, 2016, the Wells

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

Fargo Defendants removed the action to this Court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441(b). [Doc. No. 1.]

On March 22, 2017, Plaintiff requested and was granted leave to file an amended complaint. [Doc. Nos. 20, 21]. On March 30, 2017, the Amended Complaint ("FAC") was filed, adding CRC as a Defendant and alleging a myriad of claims stemming from a mortgage on a property located in San Diego. [Doc. No. 22.]

On April 28, 2017, Defendant CRC filed a Declaration of Non-Monetary Status [Doc. No. 28] that attested to it being "the duly authorized Trustee or Substitute Trustee under the Deed of Trust that is the subject of this action." [Doc. No. 28 at ¶ 1.] CRC declared that it believed it was "named in this action solely in its capacity as Trustee under said Deed of Trust, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee". [Doc. No. 28 at ¶ 2.] Further CRC "agree[d] to be bound by whatever Order of Judgment issued by the Court regarding said Deed of Trust and shall not be subject to any monetary awards for damages, attorney fees or costs." [Doc. No. 28 at ¶ 5.]

On May 24, 2017, Plaintiff filed an Application for Entry of Default Against CRC that asserted "as of the date this application was filed Defendant, Clear Recon Corp. has failed to appear or otherwise respond to this action." [Doc. No. 35 at ¶ 5.] The application was accompanied by a declaration from Plaintiff's attorney, Mr. Mark Reed attesting the CRC's registered agent was duly served with a copy of the FAC on April 12, 2017. [Doc. No. 35-1 at 1.] Further, Mr. Reed declared that Defendant CRC "has failed to appear or otherwise respond to the action." [*Id.* at ¶ 4.]

On June 8, 2017 the Clerk of Court entered Default against Defendant CRC stating "it appears from the affidavit of counsel for Plaintiff and the records herein that each of the Defendants has failed to plead or otherwise defend in said action as required…." [Doc. No. 39.]

On June 20, 2017, Plaintiff filed a Motion for Default Judgment against Defendant CRC. [Doc. No. 41.] Plaintiff contends that he is entitled to statutory and actual damages

against CRC because CRC violated the Fair Debt Collection Practices Act when it continued its collection efforts after Plaintiff had disputed the debt. [*Id.* at 3-4.] Plaintiff seeks statutory damages of $1,000.00, an award of $7,500.00 to compensate him for the emotional distress he's suffered as a result of the foreclosure proceedings, permanent injunctive relief enjoining CRC from having a trustee sale of the Property and attorneys' fees in the amount of $10,000.00. [*Id.* at 4-6.]

On June 30, 2017, Defendant CRC filed a Motion for Relief from Default [Doc. No. 43]. Attached to which was a Motion to Dismiss the First Amended Complaint [Doc. No. 43-1] and Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 43-2]. CRC contends that it has two meritorious defenses to Plaintiff's claims and that Plaintiff will not be prejudiced if the default is set aside. [*Id.* at 3-4.] CRC also highlights that, contrary to Plaintiff's assertion otherwise, it did in fact enter an appearance, as evidenced by its filing of the Declaration of Non-Monetary Status. [*Id.* at 3.]

On July 19, 2017, Plaintiff filed his response in opposition to CRC's motion for relief from Default. [Doc. No. 44.] Plaintiff counters that Defendant CRC's filing of the Declaration of Non-Monetary Status did not constitute an appearance, that even if it the Court considers it to be an appearance it does not prevent entry of default, and that CRC has not provided a proper basis to set aside default. [*Id.*]

On July 26, 2017, Defendant CRC filed its Reply to the motion for relief from default. [Doc. No. 45.]

**II.    Discussion**

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause shown." Fed. R. Civ. P. 55(c). The moving party bears the burden of showing "good cause" to set aside default. *See id.* Determining if good cause exists requires the court consider three factors: (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default would prejudice [the plaintiff]." *Franchise*

*Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004). As these factors are disjunctive, a district court is free to deny the motion if any of the three factors favor denial. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). The underlying concern in considering whether to set aside entry of default is "whether there is some possibility that the outcome of suit after full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

If a defendant has received actual or constructive notice of the filing of the action and intentionally failed to answer, its conduct is culpable. *Franchise Holding II*, 375 F.3d at 926; *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1989). Here, Defendant CRC filed a Declaration of Non-Monetary Status on April 28, 2017, sixteen days from the date of service of the summons and FAC. [Doc. No. 28.] CRC contends that this filing constituted its formal appearance in this action, and that the declaration "is a statutorily permissible tool under state law, pursuant to Civil Code §2924*l*, and has been recognized by numerous federal courts in response to similarly situated litigation under federal jurisdiction." [Doc. No. 43 at 3:16-18.] Noticeably absent from Plaintiff's application for default is any mention of this filing. In light of the circumstances, the Court concludes that Defendant did not intentionally fail to answer or otherwise engage in culpable conduct which led to the default.[2]

To justify setting aside default, a defendant must present the court with specific facts that would constitute a defense. *Franchise Holding II*, 375 F.3d at 926. Defendant CRC asserts that as the foreclosure trustee: (1) it is not a debt collector within the meaning of the FDCPA; and (2) its actions regarding the sale of the Property were privileged under California Civil Code Sections 2924(d) and 2947. [Doc, No. 43 at 3-4.] Accordingly,

---

[2] The Court does not decide whether the procedure set forth in California Civil Code § 2924*l* applies in federal court.

4

Defendant has met this prerequisite by providing the Court with factual support establishing the existence of two meritorious defenses.

To be prejudicial to plaintiff, the setting aside of default would have to hinder plaintiff's ability to purse his claim. *Thompson v. Am. Home Assurance Co,*, 95 F.3d 429, 433-34 ("the delay [in setting aside default] must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"). Here, Defendant asserts that Plaintiff will not be prejudiced if the entry of default is set aside because it is nothing more than a nominal defendant, the litigation is in its early stages, and there is ample to time remaining to conduct discovery. The Court agrees with Defendant and finds that Plaintiff will not suffer prejudice.

In sum, Defendant has demonstrated that it has meritorious defenses, Plaintiff will not be prejudiced and that it did not intentionally fail to answer or otherwise respond. Therefore, Defendant has sustained its burden of showing good cause to set aside the entry of default.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant CRC's motion to set aside default [Doc. No. 43]. Pursuant to Federal Rile of Civil Procedure 55(c) and for good cause shown, the Court sets aside the Clerk's entry of default, entered on June 8, 2017. CRC's motion to dismiss, attached to the motion for relief from default [Doc. No. 43-1, 43-2.], filed nunc pro tunc to June 30, 2017, is Defendant CRC's responsive pleading.

It is further ORDERED that Plaintiff's motion for default judgment [Doc. No. 41] is deemed **MOOT**.

It is **SO ORDERED**.

Dated: October 26, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge