UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WARREN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., et al.<br><br>　　　　　　　　　Defendants. | Case No.: 3:16-cv-2872-CAB-(NLS)<br><br>**ORDER DENYING MOTION TO STAY FORECLOSURE**<br><br>[Doc. No. 63] |

On January 27, 2017, Plaintiff filed an *Ex Parte* Application for a Temporary Restraining Order ("TRO") and Preliminary Injunction to restrain Defendants from foreclosing on and selling the real property located at 5934 Portobelo Court in San Diego, California. [Doc. No. 10.] A hearing on Plaintiff's TRO Application was held on February 16, 2017 [Doc. No. 18.] Following the TRO hearing, the Court issued an Order to Show Cause on the Preliminary Injunction. [Doc. No. 30.] Defendants filed their response in opposition to Plaintiff's request [Doc. No. 34] and Plaintiff filed his reply [Doc. No. 36]. A hearing on the request was held on June 8, 2017. [Doc. No. 38.] On October 3, 2017, Plaintiff, aware that the Court would be issuing an order on the Preliminary Injunction in the near future, filed "Supplemental Facts in Support of the Court Granting an Injunction." [Doc. No. 58.] Finally, on October 11, 2017, the Court denied Plaintiff's ex parte application for a preliminary injunction. [Doc. No. 59.] A month later, on November 9,

1

2017, Plaintiff appealed the Court's denial of a preliminary injunction to the Ninth Circuit. [Doc. No. 62.] Plaintiff now moves for a stay of foreclosure until his appeal is resolved.

"'[T]he factors regulating the issuance of a stay' [are]: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). These factors are almost identical to the factors applicable to the determination of whether to issue a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Thus, the instant motion is little more than a motion for reconsideration of the Court's denial of Plaintiff's request for a preliminary injunction, and simply restates the same arguments that did not persuade the Court the first time around. Indeed, Plaintiff dedicates most of his motion to attempts at distinguishing cases cited in the Court's order and incorporates by reference the same arguments Plaintiff made in support of a preliminary injunction.

As with his application for a preliminary injunction, the instant motion fails to demonstrate that Plaintiff is entitled to delay foreclosure of the Property any longer. The Court effectively already addressed the factors applicable to a stay pending appeal in detail in its order denying Plaintiff's application for a preliminary injunction. In that order, the Court found that: (1) Plaintiff is not likely to succeed on the merits and prevent the sale of the Property; (2) Plaintiff will not suffer irreparable injury if foreclosure is not enjoined; (3) Defendant would not suffer serious hardship as a result of an injunction; and (4) the public interest is neutral with respect to an injunction. The Court's reasoning for reaching these conclusions is equally applicable to Plaintiff's motion for a stay, and the Court is not

| | |
|---|---|
| 1 | persuaded by any of Plaintiff's arguments to reconsider these findings.  If anything, further |
| 2 | delay of foreclosure is even less warranted now because Plaintiff obtained at least some of |
| 3 | the relief he sought insofar as Defendant completed its review of his application for a loan |
| 4 | modification.  Accordingly, because the applicable factors do not support issuance of a stay |
| 5 | pending appeal, Plaintiff's motion is **DENIED**. |
| 6 | It is **SO ORDERED**. |
| 7 | Dated:  December 8, 2017 |

Hon. Cathy Ann Bencivengo
United States District Judge