UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WARREN,<br><br>                   Plaintiff,<br><br>v.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., et al.<br><br>                  Defendants. | Case No.: 3:16-cv-2872-CAB-(NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 67] |

On October 27, 2017, the Court dismissed Plaintiff Mark Warren's first amended complaint ("FAC"). The procedural history of this case up to that point is set forth in the Court's dismissal order, and the Court will not repeat it here. The Court dismissed half of Warren's twenty claims with prejudice, and granted him leave to amend the other half. On November 13, 2017, Warren filed a second amended complaint ("SAC") purporting to assert ten claims against Wells Fargo & Company and Wells Fargo Bank, N.A. (together, "Wells Fargo").[1] Wells Fargo now moves to dismiss the SAC. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. Because

---

[1] "The title of [a] complaint must name all the parties." Fed.R.Civ.P. 10(a). Here, although the text of the SAC refers to Clear Recon Corp. ("CRC") as a defendant, CRC is not identified as a defendant in the caption. Therefore, the only defendant in this case is Wells Fargo.

the SAC does not remedy any of the deficiencies from the FAC, Wells Fargo's motion is granted, and the SAC is dismissed with prejudice.

The order dismissing the FAC summarizes Warren's allegations against Wells Fargo. Because the SAC does not add any new factual allegations as compared with the FAC, that summary is equally applicable to this motion and will not be repeated. This absence of additional factual allegations is fatal to the SAC and justifies dismissal for the same reasons explained in the Court's prior dismissal order without additional analysis. Nevertheless, Warren's specific futile attempts to state each of the ten claims in the SAC are briefly addressed below.

### 1. Breach of Fiduciary Duty Claim

The Court dismissed this claim in the FAC because "absent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and the lender." *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453 (2006) (collecting cases); *see also Leisher v. Wachovia Mortg. Inc.,* No. 10cv2294-WQH-POR, 2011 WL 98575, at *6 (S.D. Cal. Jan. 12, 2011) (noting the existence of "the general rule in California that there is no fiduciary relationship between a borrower and lender."). The allegations in the FAC did not establish any special circumstances to deviate from this general rule.

The SAC does not allege any additional facts that would support the existence of a fiduciary relationship here. Instead, it includes (generally inapposite) legal argument and case citations concerning fiduciary duty in general. The addition of this legal argument does not remedy the deficiencies from the FAC.

Aside from extensive legal argument, the SAC appears to allege that a fiduciary duty exists simply because Warren is "a layperson, wholly inexperienced when it comes to complex financial and lending matters," while "Defendants . . . are huge corporations practicing in these complex areas on a daily basis." [Doc. No. 66 at ¶ 66.] Warren's alleged inexperience with residential mortgage loans does not constitute a "special circumstance" creating a fiduciary relationship between Wells Fargo and Warren. *Cf. Wagner v. Benson*

101 Cal. App. 3d 27, 35 (Cal. Ct. App. 1980) (holding that bank did not owe duty of care to plaintiffs, as "inexperienced investors," where bank loaned money to them for "a risky venture").

Warren has had three opportunities to state a claim for breach of fiduciary duty, without success. Accordingly, the the breach of fiduciary duty claim is now **DISMISSED WITH PREJUDICE**.

### 2. Fraud, Promise Without Intent to Perform, Negligent Misrepresentation, and Violation of California Civil Code Section 1770 Claims

The Court dismissed these claims in the FAC because the FAC did not plead them with specificity as required by Federal Rule of Civil Procedure 9(b), did not allege the necessary elements, and did not show that Warren's damages were the result of Wells Fargo's conduct, as opposed to his failure to make mortgage payments. The SAC for the most part merely rephrases the same allegations as the FAC, and to the extent the SAC includes any new factual allegations, they do not remedy any of the deficiencies identified by the Court in its prior dismissal order. Accordingly, these fraud claims are now **DISMISSED WITH PREJUDICE**.

### 3. Quiet Title

The Court dismissed this claim from the FAC because "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Javaheri v. JPMorgan Chase Bank N.A.*, 561 F. App'x 611, 612 (9th Cir. 2014) (quoting *Shimpones v. Stickney*, 219 Cal. 637, 28 P.2d 673, 678 (1934)). The SAC does not allege that Warren has paid the debt secured. Rather, the SAC alleges that Warren "is willing to make a viable tender offer." [Doc. No. 66 at ¶ 110.] This allegations is insufficient to maintain a quiet title claim. Accordingly, this claim is also **DISMISSED WITH PREJUDICE**.

### 4. Violation of Business and Professions Code § 17200 Claim

The Section 17200 claim in the FAC was predicated on violations of California Civil Code Sections 2923.6 and 2924.10. Because Warren's claims for violation of these

sections were preempted by the federal Home Owners Loan Act ("HOLA"), the Court dismissed the claim with leave to amend to assert a 17200 claim predicated on other illegal or fraudulent conduct. In the SAC, Warren now predicates his 17200 claim on a violation of HOLA.[2] Once again, however, the SAC fails to state a claim because it does not allege any facts that would constitute a violation of HOLA. Indeed, the SAC does not even allege that violated Wells Fargo HOLA with respect to Warren. Rather, it merely alleges that Wells Fargo "has a pattern and practice of attempting to foreclose upon property of California homeowners without properly following state foreclosure laws along with HOLA." [Doc. No. 66 at ¶ 120.] Aside from this general allegation, the allegations related to the 17200 claim are virtually identical to the allegations in the FAC that the Court already found deficient. In short, the SAC states conclusions that Wells Fargo's conduct was unlawful, unfair, or fraudulent, but does not allege any facts that would support these conclusions. Accordingly, this claim is **DISMISSED WITH PREJUDICE** as well.

### 5. Accounting Claim

The Court dismissed this claim from the FAC because there were no allegations of a relationship that required an accounting or that Wells Fargo owed Warren money. Nor did the FAC contain allegations revealing any extraordinary situations that might justify this claim. The SAC does not remedy these deficiencies. Indeed, Warren concedes in his opposition that he seeks an accounting of what *Warren* owes *Wells Fargo*, not the other way around. Accordingly, Warren once again does not state a claim for accounting. This claims is **DISMISSED WITH PREJUDICE**.

### 6. Violation of TILA and HOEPA Claims

The Court held that these claims are time-barred and dismissed them with prejudice from the FAC to the extent Warren seeks rescission. However, to the extent Warren seeks

---

[2] In his opposition, Warren argues that he pled other statutory violations, including TILA, HOEPA, RESPA, and California Civil Code § 1770. None of these statutes are alleged as predicates for the 17200 claim in the SAC, but regardless, because the SAC fails to state claims for violations of these statutes, it also does not state a 17200 claim premised on violations of these statutes.

damages the Court granted leave to amend to allege facts supporting equitable tolling and demonstrating that HOEPA applies.

The SAC does allege any facts supporting equitable tolling of these claims. Rather, it merely asserts conclusions that Wells Fargo concealed facts and engaged in fraudulent conduct. These conclusions do not support equitable tolling of the applicable limitations periods. Therefore, these claims are **DISMISSED WITH PREJUDICE**.

### 7. Violation of RESPA Claim

The Court dismissed this claim from the FAC because Warren did not specify what section of RESPA he believes that Wells Fargo violated. In the SAC, Warren alleges that Wells Fargo violated 12 U.S.C. § 2605(e)(2) and (4) because it did not timely respond to a "Qualified Written Request" that Warren allegedly sent. However, the SAC is silent as to the content of Warren's request, specifically when he sent it (aside from "within the last year"), and what actual damages Warren suffered as a result of Wells Fargo's failure to respond. Thus, the SAC fails to allege facts that state a claim for violation of RESPA. This claim is therefore **DISMISSED WITH PREJUDICE**.

\* \* \*

In sum, the SAC fails to state a claim for any of the alleged statutory violations and other wrongdoing asserted therein. Accordingly, it is hereby **ORDERED** that Wells Fargo's motion to dismiss is **GRANTED** in its entirety, and the second amended complaint is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: December 22, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge