UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WARREN,<br><br>         Plaintiff,<br><br>v.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., et al.<br><br>         Defendants. | Case No.: 3:16-cv-2872-CAB-(NLS)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>[Doc. No. 80] |

The parties are familiar with the procedural history of this case, so only a brief summary is needed here. On October 27, 2016, Plaintiff Mark Warren filed suit in the Superior Court of the State of California against Wells Fargo alleging a myriad of claims stemming from a mortgage on a property located in San Diego (the "Property"). On November 22, 2016, Wells Fargo removed the action to this Court. After extensive motion practice, the Court denied Warren's motion for a preliminary injunction on foreclosure of the Property and eventually dismissed all of Warren's claims with prejudice. Wells Fargo now moves for its attorney's fees pursuant to provisions in the deed of trust and promissory note. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. The motion is granted.

**I. Legal Standards**

"State law governs the interpretation and enforceability of attorney's fees provisions in contracts." *Bassam v. Bank of Am.*, No. CV1500587ABFFMX, 2016 WL 6267930, at

*1 (C.D. Cal. Mar. 4, 2016) (citing *Security Mortgage Co v. Powers*, 278 U.S. 149, 154 (1928)). Under California law, "[p]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." *Santisas v. Goodin*, 17 Cal.4th 599, 608 (1998) (quoting *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1341 (1992)).

"When attorneys' fees are to be awarded pursuant to a contractual agreement, the party requesting such fees must demonstrate: (1) that the fee award is authorized by the contract; (2) that they are the prevailing party; and (3) that the fees requested are reasonable. *Schroeter v. Wells Fargo Bank, Nat. Ass'n*, No. 12CV2052 AJB JMA, 2013 WL 3190696, at *2 (S.D. Cal. June 20, 2013) (citing Cal. Civ.Code § 1717); *see also* Cal. Code. Civ. Proc. § 1033.5(a)(10) (allowing attorney's fees to be recovered as costs to the prevailing party when authorized by contract). When these requirements are satisfied, district courts have no discretion to deny fees. *See Omega v. Wells Fargo & Co.*, 2012 WL 2906240 (N.D. Cal. June 25, 2012) ("[U]nder California statutory and Supreme Court law, prevailing parties are entitled to contractual attorneys fees as a matter of right and district courts have no discretion to deny such fees.") (citing *Hsu v. Abbara*, 9 Cal.4th 863, 877–78 (1995)).

**II. Discussion**

    **A. The Promissory Note and Deed of Trust Specifically Provide for the Award of Attorney's Fees**

Wells Fargo argues that it is entitled to its attorney's fees pursuant to fee provisions in the promissory note and deed of trust on the property. The relevant provision of the deed of trust states:

> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights

> in the Property. Lender's actions may include, without limitations, appearing in court, paying reasonable attorneys' fees . . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest . . . .

[Doc. No. 10-3 at 18.][1] Among his many arguments in opposition to the instant motion, Warren argues that this language is unconscionable, but district courts repeatedly have held that these exact fee-shifting provisions entitled Wells Fargo to its attorney's fees in lawsuits filed by borrowers seeking to quiet title or stay foreclosure of their homes that were subsequently dismissed by the court. *See, e.g., Schroeter*, 2013 WL 3190696; *Tyson v. Wells Fargo Bank N.A.*, No. 12-CV-593-MMA WMC, 2012 WL 3126811 (S.D. Cal. July 31, 2012); *Rivera v. Wachovia Bank*, No. 09 CV 433 JM (AJB), 2009 WL 3423743 (S.D. Cal. Oct. 23, 2009).

Warren also argues that these provisions do not apply because, according to Warren, "this case has nothing to do with" the deed of trust and promissory note. This argument is preposterous. This case had everything to do with the deed of trust and promissory note. Moreover, the relevant question, based on these fee provisions, is whether this lawsuit may have "significantly affected Lender's rights in the Property." [Doc. No. 10-3 at 18.] Considering that the complaint asked for an order declaring that Wells Fargo "has no right, title, estate, lien, or interest in the Subject Property" [Doc. No. 1-2 at 46], there is no

---

[1] According to Wells Fargo's motion, the relevant provision from the promissory note provides:

> The lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

However, the record citation Wells Fargo provides for this provision was incorrect, and the Court could not locate the note elsewhere in the record. Regardless, Warren does not dispute the existence of this language in the promissory note or the fee provision from the deed of trust, and the fee provision from the deed of trust is sufficient on its own to require an attorney's fee award here.

question that this lawsuit could have significantly affected Wells Fargo's rights in the Property. Accordingly, the contractual fee-shifting provisions apply to this litigation.

### B. Wells Fargo Is the Prevailing Party

The Court denied Warren's motion for a preliminary injunction and dismissed all of his claims with prejudice. Nevertheless, Warren argues that Wells Fargo should not be considered the prevailing party for the purposes of receiving its attorney's fees because Warren's appeal is pending. Warren cites to no authority for this proposition, and it is inconsistent with the requirement that Wells Fargo move for attorney's fees within fourteen days of the judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(i). Wells Fargo was the prevailing party on all of Warren's claims before this Court. That incontrovertible fact does not change because Warren filed an appeal. This requirement is therefore satisfied. *Cf. Ng v. US Bank, NA*, No. 15-CV-04998-KAW, 2016 WL 6995884, at *6 (N.D. Cal. Nov. 30, 2016) ("Plaintiff's appeal does not change that Defendants are, as defined by Code of Civil Procedure § 1032, the prevailing party as they are defendants in whose favor a dismissal was entered."), *aff'd sub nom. Ng v. U.S. Bank, NA*, No. 16-16949, 2018 WL 914501 (9th Cir. Feb. 16, 2018); *see also* Cal. Code. Civ. Proc. § 1032(a)(4) (stating that "prevailing party" includes "a defendant in whose favor a dismissal was entered").

### C. Wells Fargo's Fee Request Is Reasonable

"In calculating reasonable attorney fees the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341–42 (9th Cir. 1986) "The matter of reasonableness of attorney's fees is within the sound

discretion of the trial judge." *Stokus v. Marsh*, 217 Cal.App.3d 647, 656 (Cal. Ct. App. 1990).

Wells Fargo asks for a fee award of $26,473.50, which amount equals 80% of the total fees Wells Fargo's counsel billed on this case, excluding fees incurred in filing the instant motion for which Wells Fargo does not seek its fees. In support of this amount, Wells Fargo's lead counsel has provided a declaration that states his hourly rate of $265/hour, summarizes the amount billed each month, and attaches the monthly billing statements that were sent to Wells Fargo for payment. Warren does not dispute the reasonableness of the hourly rate, but he argues that Wells Fargo's request is not reasonable because Wells Fargo elongated this litigation by not promptly considering Warren's request for a loan modification. While it may be true that this litigation could have been resolved sooner had Wells Fargo acted on Warren's loan modification more quickly, any additional attorney's fees attributable to this delay are more than accounted for by the 20% difference between the actual fees incurred by Wells Fargo and what it is requesting for a fee award. Ultimately, upon review Wells Fargo's fee materials, along with the Court's knowledge of the length and course of this litigation, which included multiple amended complaints, motions for a temporary restraining order and for a preliminary injunction, and multiple motions to dismiss the twenty claims asserted by Warren, the Court finds that $26,473.50 is a reasonable fee award.

### III. Disposition

For the foregoing reasons, Wells Fargo's motion for attorney's fees is **GRANTED**. Plaintiff Mark Warren shall pay Wells Fargo $26,473.50 for its reasonable attorney's fees in this litigation.

It is **SO ORDERED**.

Dated: March 7, 2018

Hon. Cathy Ann Bencivengo
United States District Judge